Lisa Li (SBN 260474)
Telephone: 415.655.1255
GREENBERG TRAURIG, LLP
101 2nd Street, Suite 2200
San Francisco, CA 94105-3668
Facsimile: 415.707.2010
lil@gtlaw.com

Attorneys for Defendant
Xiaomi USA LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| VDPP, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>XIAOMI USA LLC,<br><br>　　　　Defendant. | CASE NO. 5:24-cv-01783-BLF<br><br>**DEFENDANT XIAOMI USA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: January 9, 2025<br><br>Time: 9:00 am<br><br>Place: Courtroom 3 – 5th Floor, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that in the courtroom of the Honorable Beth Labson Freeman, Courtroom 3, 5th Floor, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113 Defendant Xiaomi USA LLC. ("Xiaomi") will and hereby does move to dismiss Plaintiff VDPP, LLC's First Amended Complaint ("FAC") (Dkt. 14).

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the pleadings on file in this action, the Request for Judicial Notice and its exhibits filed concurrently with this Motion, and such other matters as may be properly presented to the Court at the time of and/or during the hearing.

## **RELIEF REQUESTED**

Xiaomi requests that the Court dismiss Plaintiff's FAC under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, at least because: (i) VDPP failed to comply with 35 U.S.C. Section 287 patent marking requirements prior to the expiration of the Asserted Patents; and thus, the FAC must be dismissed because no legal or equitable relief is possible; (ii) VDPP fails to plausibly allege Xiaomi directly infringed the Asserted Patents; (iii) VDPP fails to plausibly plead willfulness; and (iv) the dismissal should be with prejudice since there is no amendment that Plaintiff could make to its FAC that will remedy any of the deficiencies identified above.


DATED:  August 20, 2024                GREENBERG TRAURIG, LLP



                                       By /s/ *Jie Li*
                                          Jie (Lisa) Li
                                          Attorneys for Defendant
                                          Xiaomi USA LLC

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   STATEMENT OF ISSUES TO BE DECIDED ................................................... 2

III.  STATEMENT OF THE RELEVANT FACTS .................................................... 3

IV.   LEGAL STANDARD ......................................................................................... 5

      A.    Rule 12(b)(6) and *Twombly* ................................................................... 5
      B.    Marking ..................................................................................................... 6
      C.    Direct Patent Infringement ....................................................................... 6

V.    ARGUMENT ...................................................................................................... 7

      A.    The Case Should Be Dismissed Because VDPP Is Not Entitled To Any Legal or
            Equitable Relief ....................................................................................... 7
      B.    The Case Should Also Be Dismissed Because VDPP Fails To Plausibly Allege
            That Xiaomi Has Directly Infringed The Asserted Patents. ...................... 9
      C.    VDPP's Claims for Willful Infringement Should Be Dismissed Because It Failed
            to Plead Any Factual Basis for Finding Willfulness. ............................. 15
      D.    The Case Should be Dismissed with Prejudice Because Further Amendment
            Would Be Futile. .................................................................................... 15

VI.   CONCLUSION ................................................................................................. 16

DEFENDANT XIAOMI USA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
ACTIVE 701150341v1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
6 F.3d 1523 (Fed. Cir. 1993) ............................................................................................... 7

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
24 F.3d 178 (Fed. Cir. 1994) ................................................................................................ 8

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
950 F.3d 860 (Fed. Cir. 2020) ........................................................................................... 6, 7

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017) ......................................................................................... 6, 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................................................... 5, 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ......................................................................................... 5, 8, 12, 13

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ............................................................................................ 11

*Castillo v. Equifax Info. Servs., LLC*,
No. 4:18-CV-557-A, 2018 WL 11430866 (N.D. Tex. Sept. 18, 2018) ............................... 8

*EMG Tech., LLC v. Vanguard Grp., Inc.*,
No. 6:12-cv-543, 2014 WL 12597427 (E.D. Tex. May 12, 2014) ...................................... 8

*Flowers v. First Hawaiian Bank*,
295 F.3d 966 (9th Cir. 2002) ............................................................................................. 15

*Golden v. Intel Corp.*,
No. 2023-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023) ............................................ 14

*Laitram Corp. v. NEC Corp.*,
No. 89-1571, 1996 WL 365663 (E.D. La. July 1, 1996) .................................................... 8

*Lans v. Digit. Equip. Corp.*,
252 F.3d 1320 (Fed. Cir. 2001) ........................................................................................... 6

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
420 F.3d 1369 (Fed. Cir. 2005) ......................................................................................... 10

*Merial Ltd. v. Cipla Ltd.*,
681 F.3d 1283 (Fed. Cir. 2012) ........................................................................................... 7

*Moncrief v. Tech Pharmacy Servs., LLC*,
No. 3:22-CV-1654-X, 2023 WL 416549 (N.D. Tex. Jan. 25, 2023)................................. 8

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
138 F.3d 1437 (Fed. Cir. 1998)................................................................................. 6

*Opticurrent, LLC v. Power Integrations, Inc.*,
No. 2:16-CV-325-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016)........................ 15

*Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*,
No. 3:23-CV-00791-N, 2023 WL 7184042 (N.D. Tex. Nov. 1, 2023) ..................... 6, 8, 9

*Shoffiett v. Goode*,
825 F. App'x 824 (Fed. Cir. 2020) ........................................................................... 7

*Sonos, Inc. v. Google LLC*,
No. C 21-07559 WHA, 2022 WL 799367 (N.D. Cal. Mar. 16, 2022), *leave to appeal
denied*, No. 2022-134, 2022 WL 1486359 (Fed. Cir. May 11, 2022) ....................... 15

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2001) ................................................................................ 6

*VDPP LLC v. Acer Am. Corp.*,
No. 3:19-cv-4571 (N.D. Cal. Aug. 7, 2019) ............................................................. 4

*VDPP LLC v. Facebook Techs., LLC d/b/a Oculus*,
No. 3:19-cv-04597 (N.D. Cal. 2019) ....................................................................... 4

*VDPP, LLC v. Ford Motor Co.*,
No. 2:23-cv-11462, 2024 U.S. Dist. LEXIS 79680, (E.D. Mich. May 1, 2024) ......... 3, 14

*VDPP, LLC v. General Motors Co.*,
No. 1:23-cv-00956, 2024 U.S. Dist. LEXIS 128827, (W.D. Tex. Jul. 22, 2024)........ 14, 15

*VDPP LLC v. TTE Tech. Inc. d/b/a TCL USA*,
No. 5:19-cv-02019 (C.D. Cal. Oct. 22, 2019) ........................................................... 4

*VDPP LLC v. Vizio Inc.*,
No. 8:20-cv-00030 (C.D. Cal. 2020) ....................................................................... 4

*VDPP, LLC v. Volkswagen Grp. of Am., Inc.*,
No. 4:23-CV- 2961, 2024 WL 1313899 (S.D. Tex. Mar. 27, 2024) and
2024 WL 3378456 (S. D. Tex. July 11, 2024) ....................................... 3, 4, 6, 8, 9, 15, 16

*Visual Effect Innovations, LLC v. LG Elecs. U.S.A., Inc.*,
No. 1:18-cv-00687 (D. Del. 2018) ........................................................................... 4

*Visual Effect Innovations, LLC v Samsung Elecs. Am., Inc.*,
No. 2:18-cv-00184) (E.D. Tex. 2018)....................................................................... 4

*Visual Effect Innovations, LLC v. Sony Elecs., Inc.*,
    No. 1:18-cv-00675 (D. Del. 2018)............................................................................. 4

*Volteon LLC v. Xiaomi Communications Co., Ltd.*,
    Case No. 2:23-cv-00132 (E.D. Tex. 2023) ............................................................... 10

**Federal Statutes**

35 U.S.C. § 154(a)(2) ........................................................................................................ 3

35 U.S.C. § 271(a) .............................................................................................. 2, 6, 7, 10

35 U.S.C. § 285 .................................................................................................................. 3

35 U.S.C. § 286 .................................................................................................................. 3

35 U.S.C. § 287 .......................................................................................................... 1, 2, 5

35 U.S.C. § 287(a) ................................................................................................ 1, 3, 5, 6, 7, 9

**Rules**

Fed. R. Civ. P. 8(a)(2) ...................................................................................................... 5

Fed. R. Civ. P 12(b)(6) ................................................................................................ 1, 5, 9

Fed. R. Civ. P. 15(a) ....................................................................................................... 15

DEFENDANT XIAOMI USA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
ACTIVE 701150341v1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Xiaomi USA LLC ("Xiaomi") moves to dismiss the First Amended Complaint ("FAC") of Plaintiff VDPP, LLC ("VDPP") with prejudice.

In its Original Complaint (Dkt. 1) filed on March 22, 2024, VDPP asserted U.S. Patent No. 9,948,922 (the "'922 Patent") and U.S. Patent No. 10,021,380 (the "'380 Patent") (collectively the "Asserted Patents") against Xiaomi for direct, indirect, and willful infringement, seeking recovery of past and future damages as well as a permanent injunction.  Dkt. 1 at 8.  VDPP accuses Xiaomi Redmi 7A smartphone of infringing the '922 Patent (Dkt. 1-2) and Xiaomi MI 11 smartphone of infringing the '380 Patent (Dkt. 1-4) (collectively the "Accused Products").

Xiaomi sent VDPP a letter on June 24, 2024 asserting that the Original Complaint is baseless and frivolous because: (1) VDPP does not and cannot plausibly allege direct infringement because the Accused Products were never sold in the United States by Xiaomi, (2) VDPP cannot show compliance with the notice requirements of 35 U.S.C. Section 287 while the patents were still in force, so it is not entitled to any damages because it did not give Xiaomi actual or constructive notice of the Asserted Patents before they expired; (3) VDPP's indirect and willful infringement claims fail because the Original Complaint does not and cannot plausibly allege that Xiaomi had prior knowledge of the Asserted Patents; and (4) VDPP cannot receive future damages or a permanent injunction on two expired patents.

On July 25, 2024, VDPP filed the FAC asserting only direct infringement and past damages of the same Asserted Patents, but dropped its claims for indirect and willful infringement, future damages, and injunctions.  Dkt. 14.  The Accused Products and infringement charts remain unchanged.  Dkt. 14-2 and 14-4.

Xiaomi hereby moves to dismiss the FAC under Rule 12(b)(6) because VDPP still fails to plead sufficient facts that it had complied with the marking requirements under § 287(a) before the Asserted Patents expired and is barred from seeking pre-suit damages.  Aside from the marking issue, VDPP's direct infringement claims remain implausible and conclusory – VDPP only cites to third parties'

websites as evidence of infringement but does not even allege that *Xiaomi* sold or used the Accused Products *in the United States*.  Moreover, the FAC lacks facts to plausibly show how the Accused Products can infringe any claims of the Asserted Patents.  VDPP only accuses Xiaomi Redmi 7A smartphone of infringing the '922 Patent (Dkt. 14-2) and Xiaomi MI 11 smartphone of infringing the '380 Patent (Dkt. 14-4).  In those infringement charts, VDPP merely regurgitates the claim elements without explaining how the accused features practiced the Asserted Patents.  Thus, VDPP fails to plausibly allege that Xiaomi directly infringed the Asserted Patents.

Because VDPP is not entitled to any legal or equitable relief based on two expired patents, it fails to state a claim against Xiaomi.  The Court should dismiss the FAC for these reasons and do so *with prejudice*.  VDPP has repeatedly asserted expired patents from a single patent family in over 80 cases as it is asserting here, in near-identical complaints.  Courts have repeatedly dismissed VDPP's complaints for failure to state a claim.  VDPP has had countless opportunities to amend and meet the pleading standard required under the Federal Rules, but has not and cannot cure these fatal defects.  The FAC should be dismissed with prejudice.[1]

## II.   STATEMENT OF ISSUES TO BE DECIDED

1.   Whether the Court should dismiss VDPP's claims with respect to any alleged pre-suit infringement by Xiaomi because VDPP has failed to plead compliance with the marking statute, 35 U.S.C. § 287, and failed to give Xiaomi actual or constructive notice of the Asserted Patents before they expired.

2.   Whether the Court should dismiss VDPP's claims for direct infringement under 35 U.S.C. §271(a) where VDPP has not sufficiently pleaded that Xiaomi has made, used, offered for sale, or sold the Accused Products within the United States, or imported the Accused Products into the United States.

3.   Whether the Court should dismiss VDPP's claims for willful infringement where VDPP has not sufficiently pleaded that Xiaomi had prior knowledge of the Asserted Patents.

4.   Whether the dismissal should be with prejudice because VDPP cannot further amend

---

[1] Xiaomi reserves the right to move for attorneys' fees due to the exceptional nature of this case.

DEFENDANT XIAOMI USA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS

the FAC that would cure these legal deficiencies or change the outcome of the case.

## III.    STATEMENT OF THE RELEVANT FACTS

VDPP filed its Original Complaint on March 22, 2024, asserting the '922 and '380 Patent.  Dkt. 1  at 1.  The '380 Patent is a continuation of the '922 Patent.  Both of the Asserted Patents claim priority through a series of intervening applications to U.S. Patent No. 7,030,902, filed January 22, 2002, so the Asserted Patents expired on January 22, 2022**.**  Neither one of the Asserted Patents has a patent term adjustment.  Therefore, both patents, twenty years from the filing date of the earliest application to which the Asserted Patents claim priority.  *See* 35 U.S.C. § 154(a)(2) (defining a patent's term as "ending 20 years…from the date on which the earliest such application [to which the patent claims priority] was filed").

In a June 24, 2024 letter to VDPP, Xiaomi pointed out the legal deficiencies in VDPP's Original Complaint, including how it fails to allege claims for direct, indirect, and willful infringement because VDPP cannot meet the marking requirements under § 287(a), so it cannot receive any pre- and post-suit damage or equitable relief on the expired Asserted Patents.

On July 25, 2024, VDPP filed the FAC, in which it dropped its claims for indirect and willful infringement, future damages, and injunctions regarding the Asserted Patents.  VDPP only asserts direct infringement claims (Dkt. 14, ¶¶ 9, 14) and seeks to recover for pre-suit damages under 35 U.S.C. § 286 for the Asserted Patents.  *Id*, ¶ 18.  But the FAC still fails to allege sufficient facts showing its compliance with § 287(a) marking requirement.

Indeed, in past cases where VDPP asserted patents from the same family, courts had found that VDPP failed to allege facts showing its compliance with the marking requirements under §287(a) and that VDPP failed to plausibly allege infringement.  *See, e.g.*, *VDPP, LLC v. Volkswagen Grp. of Am., Inc.* (hereinafter "*Volkswagen*"), No. 4:23-CV- 2961, 2024 WL 1313899, at *6 (S.D. Tex. Mar. 27, 2024) (dismissing case with prejudice because VDPP did not allege facts showing marking compliance before patent expired); *VDPP, LLC v. Ford Motor Co.*, No. 2:23-cv-11462, 2024 U.S. Dist. LEXIS 79680 (E.D. Mich. May 1, 2024) (granting motion to dismiss and finding VDPP failed to plead marking compliance and failed to show Ford committed direct infringement of asserted patents).  The *Volkswagen* court further found the case exceptional under 35 U.S.C. § 285.  No. 4:23-CV- 2961, 2024

WL 3378456, at *4 (S.D. Tex. July 11, 2024) (finding VDPP and its counsel jointly and severally liable for reasonable attorneys' fees that Volkswagen incurred in defending case).  In *Volkswagen*, the Southern District of Texas specifically remarked that VDPP "failed to properly disclose [its] 11 settlement agreements" and "sought past damages knowing that under the settled law, it could not plausibly and in good faith allege marking compliance." 2024 WL 3378456, at *3.

Yet the FAC is completely silent on the details of these settlement agreements that VDPP signed with other companies involving the Asserted Patents.  For example, VDPP previously asserted the '922 Patent against Sony (*Visual Effect Innovations, LLC v. Sony Elecs., Inc.*, No. 1:18-cv-00675 (D. Del.) (hereinafter "*Sony*")), LG (*Visual Effect Innovations, LLC v. LG Elecs. U.S.A., Inc.*, No. 1:18-cv-00687 (D. Del.) (hereinafter "*LG*")), Samsung (*Visual Effect Innovations, LLC v Samsung Elecs. Am., Inc.*, No. 2:18-cv-00184) (E.D. Tex.) (hereinafter "*Samsung*")), Facebook (*VDPP LLC v. Facebook Techs., LLC d/b/a Oculus*, No. 3:19-cv-04597 (N.D. Cal.) (hereinafter "*Facebook*")), and Vizio (*VDPP LLC v. Vizio Inc.*, No. 8:20-cv-00030 (C.D. Cal.) (hereinafter "*Vizio*")), Acer (*VDPP LLC v. Acer America Corp.*, No. 3:19-cv-04571 (N.D. Cal.) (hereinafter "*Acer*")), and TCL (*VDPP LLC v. TTE Technology, Inc.*, No. 5:19-cv-02019 (C.D. Cal.) (hereinafter "*TCL*") just to name a few.  Those cases involved alleged infringement of the '922 Patent by products such as Sony televisions (*Sony*, Dkt. 1 at 17-23), LG monitors (*LG*, Dkt. 1 at 13-20), Samsung televisions (*Samsung*, Dkt. 1 at 12- 16), Facebook virtual reality headsets (*Facebook*, Dkt. 1 at 4-6), Vizio televisions (*Vizio*, Dkt. 1 at 7-8), Acer monitors, smartphones and tablets (*Acer*, Dkt. 1 at 9-10), and TCL televisions, mobile phones and tablets. (*TCL*, Dkt. 1 at 7-9)  These cases all settled, and these companies were all licensed to practice the '922 Patent under confidential patent license and settlement agreements.  *Sony*, Dkt. 14 (Stipulated Motion for Dismissal with Prejudice "subject to the terms of that certain agreement entitled 'AGREEMENT'"); *LG*, Dkt. 28 (Stipulation of Dismiss with Prejudice "subject to the terms of that certain agreement entitled 'SETTLEMENT AND LICENSE AGREEMENT'"); *Samsung*, Dkt. 69 (Order of Dismissal with Prejudice "subject to the terms of that certain agreement entitled 'SETTLEMENT AND LICENSE AGREEMENT'"); *Facebook*, Dkt. 75 (Order Dismissing action with prejudice, with the Court "retain[ing] jurisdiction to enforce the parties' confidential patent license agreement"); *Vizio*, Dkt. 66 (Dismissal of Action with Prejudice); *Acer*, Dkt. 38 (stipulation for stay pending settlement) and Dkt. 43

(Dismissal of Action with Prejudice); *TCL*, Dkt. 26 (stipulation for stay and notice of settlement) and Dkt. 30 (Voluntary Dismiss with Prejudice).  The '380 Patent was also asserted and licensed in at least *Acer* and *TCL*.

As it is VDPP's burden to prove compliance with Section 287(a), VDPP must plausibly plead either that it required all of these defendants (and any other company licensed to practice the Asserted Patents) to mark their products with the Asserted Patents and that it enforced these requirements, or that none of these companies' products practice the Asserted Patents.  However, the FAC fails to plead any details regarding whether any of these licensees marked their products sold under the Asserted Patents. In the FAC, while claiming that it is a non-practicing entity that has no products to mark (Dkt. 14, ¶15), VDPP concedes it has "entered into settlement licenses with several defendant entities." *Id.*, ¶16. VDPP appears to argue that these "settlement licenses" were not to "produce" patented articles that are subject to the marking requirements (*Id.,* ¶¶15-20), but it also conclusively claims that "it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license." *Id.*, ¶19.

## IV.    LEGAL STANDARD

### A.    Rule 12(b)(6) and *Twombly*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility" standard "asks for ***more than a sheer possibility*** that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (emphasis added). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The Supreme Court has been clear that to survive a motion to dismiss a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Rather, the complaint must provide sufficient factual allegations for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  Although well-pleaded facts are generally construed as true in the light most favorable to plaintiffs, courts need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

## B. Marking

Pursuant to 35 U.S.C. § 287(a), also referred to as the patent marking statute, "a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover [pre-suit] damages." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017) ("*Arctic Cat I*"). The notice requirement of § 287 can be satisfied "either by providing constructive notice—i.e., marking its products—or by providing actual notice to an alleged infringer." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*"). "If a patentee who makes, sells, offers for sale, or imports his patented articles has not given notice of his right ... pursuant to the marking statute, he is not entitled to damages before the date of actual notice." *Arctic Cat I*, 876 F.3d at 1366 (internal citation and quotation marks omitted). Once an alleged infringer identifies products it believes are unmarked patented articles, which is a low bar, the patent owner bears the burden of proving compliance with the marking statute by a preponderance of evidence. *Arctic Cat I*, 876 F.3d at 1368; *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998). The patent owner also bears the burden of proving its licensees' compliance with §287. *Arctic Cat I*, 876 F.3d at 1366.

When the patent owner fails to plead compliance with the marking statute, dismissal is appropriate. *See e.g., Lans v. Digit. Equip. Corp.,* 252 F.3d 1320, 1328 (Fed. Cir. 2001) (affirming district court's dismissal of case where patent owner failed to prove compliance with marking statute before expiration of asserted patent); *Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*, No. 3:23-CV-00791-N, 2023 WL 7184042, at *2-3 (N.D. Tex. Nov. 1, 2023) (dismissing with prejudice where patent owner failed to plead compliance with marking statute and asserted patent had expired); *Volkswagen*, 2024 WL 1313899, at *6 (same).

## C. Direct Patent Infringement

Direct patent infringement under § 271(a) occurs only with respect to acts occurring within the United States. As the Federal Circuit has explained, "§ 271(a) includes express language limiting its scope to domestic acts: '[W]hoever without authority makes, uses, offers to sell, or sells any patented

DEFENDANT XIAOMI USA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
ACTIVE 701150341v1

1  invention, within the United States, or imports into the United States any patented invention during the

2  term of the patent therefore, infringes the patent.'" *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1302 (Fed.

3  Cir. 2012) (quoting 35 U.S.C. § 271(a)).

4  **V.     ARGUMENT**

5         **A.     The Case Should Be Dismissed Because VDPP Is Not Entitled To Any Legal or**

6                **Equitable Relief.**

7              ***First, VDPP is not entitled to post-suit damages or a permanent injunction***.  The Asserted

8  Patents both expired and can no longer be infringed.  Thus, no future damages or injunctive relief are

9  available. *Shoffiett v. Goode*, 825 F. App'x 824, 826 (Fed. Cir. 2020) ("When a patent expires, 'the

10 patentee's prerogatives expire too, and the right to make or use the article, free from all restriction,

11 passes to the public.'") (citation omitted).

12             ***Second, VDPP fails to plead any facts (let alone sufficient facts) that plausibly show that it is***

13 ***entitled to pre-suit damages***.  In the FAC, VDPP alleges that "[it] is a non-practicing entity, with no

14 products to mark" (Dkt. 14, ¶15), but that is not dispositive.  § 287(a) also requires marking by a patentee's

15 licensees and efforts by the patentee to enforce such marking.  *See, e.g., Arctic Cat II*, 950 F.3d at 864.

16 VDPP attempts to evade this marking obligation by claiming that its prior settlement agreements were

17 not licenses to produce any products.  However, the marking requirements of § 287(a) apply to the

18 Asserted Patents because VDPP has licensed the Asserted Patents to others that it previously sued,

19 including Acer and TCL, and thus there are tangible items to mark, e.g. the licensed Acer and TCL

20 monitors, smartphones and tablets.  *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538–39

21 (Fed. Cir. 1993) ("Where the patent contains both apparatus and method claims, [] to the extent that

22 there is a tangible item to mark by which notice of the asserted method claims can be given, a party is

23 obliged to do so [].").  Thus, VDPP still has to plead a factual basis for compliance with the marking

24 statute by its licensees in order to claim pre-suit damages, but again it fails to do so in the FAC.  *See*

25 *Arctic Cat I*, 876 F.3d at 1366 ("The patentee bears the burden of ***pleading*** and proving he complied

26 with § 287(a)'s  marking requirement.") (emphasis added).

27             The FAC does not allege Xiaomi had actual notice of the Asserted Patents before they expired.

28 As to constructive notice, VDPP conclusorily states in passing that it "believes it has taken reasonable

steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license." Dkt. 14, ¶19.  But no

facts are provided to show how each licensed product is marked with either of the Asserted Patents.

*Twombly*, 550 U.S. 544, 545 ("[A] plaintiff's obligation to provide the 'grounds' of his "entitle[ment] to

relief" requires more than labels and conclusions."); *Moncrief v. Tech Pharmacy Servs., LLC,* No. 3:22-

CV-1654-X, 2023 WL 416549, at *2 (N.D. Tex. Jan. 25, 2023)) ("The Court is not bound to accept legal

conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to

dismiss.").  Because such purported "reasonable steps" (assuming any existed) are within VDPP's

possession, VDPP cannot hide behind so-called "duties of confidentiality" or defer to "develop evidence

in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and

that Plaintiff has substantially complied with the marking statute." Dkt. 14, ¶¶ 16, 17.  Therefore, VDPP

fails to sufficiently plead compliance with the marking statute.

      In the FAC, VDPP argues that its "settlement licenses" do not result in patented articles that are

subject to marking because they are not licenses where the entities sought to sell a product under the

Asserted Patents. Dkt. 14 at ¶¶16-20 ("Each prior settlement license reflected a desire to end litigation

and as such the policies of §287 are not violated."). At the outset, "legal arguments and extraneous

matters [] do not belong in a pleading." *Castillo v. Equifax Info. Servs., LLC*, No. 4:18-CV-557-A, 2018

WL 11430866, at *1 (N.D. Tex. Sept. 18, 2018).  Nonetheless, VDPP's argument is unavailing, as courts

have consistently found that "dismissals ***with prejudice*** of patent infringement claims function as the

equivalent of a license" to sell products which fall under the marking requirements. *See*, *e.g.*, *Ortiz*, 2023

WL 7184042,  at *3 (emphasis added) (citing *EMG Tech., LLC v. Vanguard Grp., Inc.*, No. 6:12-cv-543,

2014 WL 12597427, at *2 (E.D. Tex. May 12, 2014)) (holding that voluntary dismissals with  prejudice

function as licenses to use the asserted patents in the products at issue in those suits which subject the

patentee to the marking statute); *Volkswagen*, 2024 WL 1313899, at *4 (holding that the accused

products identified in lawsuits filed by VDPP that were settled before the asserted patent expired

counted as unmarked products); *Laitram Corp. v. NEC Corp.*, No. 89-1571, 1996 WL 365663, at *2

(E.D. La. July 1, 1996) ("[T]he damage limitations of Section 287 apply to licensees and other

authorized parties regardless of the particular form of the authorization and regardless of whether the

authorization is a 'settlement agreement,' 'covenant not to sue,' or 'license.'"); *Amsted Indus. Inc. v.*

DEFENDANT XIAOMI USA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
ACTIVE 701150341v1

*Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994) (holding that "for or under" language of Section 287 applies to express and implied licensees).

VDPP cannot meet the burden of showing that it has complied with the patent marking requirements "unless the licensing agreement expressly states that [licensee] had no obligation to mark." *Volkswagen* 2024 WL 1313899, at *8.  Therefore, to the extent VDPP denies that the settlement licenses for the Asserted Patents authorized others to produce a patented article, VDPP should have spelled out such express language from those settlement agreements in the FAC.  The fact that VDPP repeatedly fails to plead the requisite factual details of marking compliance demonstrates that VDPP could not in good faith meet the clear requirement of § 287(a).  *See Volkswagen*, 2024 WL 3378456, at *3.

Therefore, because the Asserted Patents both expired, and VDPP fails to plead any facts that could plausibly show compliance with § 287, no relief can be granted, and the case should be dismissed under Rule 12(b)(6).  *Volkswagen*, 2024 WL 1313899, at *5 (granting Volkswagen's motion to dismiss with prejudice because VDPP failed to sufficiently plead compliance with § 287); *see also Ortiz*, 2023 WL 7184042, at *3 ("Because no damages are available for the period after the Asserted Patents' expiration, and Ortiz failed to state a claim for pre-suit damages, Ortiz has not stated a claim that is plausible on its face.").

**B.    The Case Should Also Be Dismissed Because VDPP Fails To Plausibly Allege That Xiaomi Has Directly Infringed The Asserted Patents.**

The FAC is as vague as the Original Complaint and only broadly claims "Defendant maintains, operates, and administers systems, products, and services in the field of motion picture that infringes one or more of claims of the '922 Patent, including one or more of claims 1-13" (Dkt. 14, ¶ 8) and "in the field of automotive manufacture that infringes one or more of claims of the '380 Patent, including one or more of claims 1-30" (*Id*., ¶ 12).  However, VDPP provides no factual allegations to support a plausible inference of direct infringement.  VDPP claims that support for its allegations of direct infringement can be found in Exhibits B and D to the FAC, but those exhibits only regurgitate the claim elements and disguise them as infringement allegations.  *See* Dkt. 14-2 and 14-4.

***First***, the FAC does not allege that Xiaomi makes or sells the Accused Products in the United States.  VDPP only generally alleges that Xiaomi infringes Claim 1 of the '922 Patent by "using" a

Xiaomi Redmi 7A smartphone. Dkt. 14, ¶8 ("Defendant puts the inventions claimed by the '922 Patent into service (i.e., used them)..."), but VDPP does not even allege that such "use" was within the United States. *See* 35 U.S.C. § 271(a); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1375 (Fed. Cir. 2005) ("It is well-established that the reach of section 271(a) is limited to infringing activities that occur *within the United States*.") (emphasis added). Neither can it because the Accused Products were never sold or offered for sale in the United States. Indeed, the websites that VDPP cites to as infringing evidence in Exhibit B (Dkt. 14-2 at 4-5) were not even Xiaomi's website; they are websites from random third parties https://www.devicespecifications.com/en/model/b52750d1 and https://www.notebookcheck.net/Xiaomi-Redmi-7A-Smartphone-Review-the-cut-price-phone.428898.0.html and do not show that Xiaomi Redmi 7A sold or used *in the United States* or *by Xiaomi.*

Similarly, the FAC conclusively alleges that Xiaomi infringes Claim 6 of the '380 Patent by "using" a Xiaomi MI 11 smartphone. Dkt. 14, ¶12 ("Defendant puts the inventions claimed by the '922 Patent into service (i.e., used them)..."). Again, VDPP does not even allege that Xiaomi makes, sells, or uses a Xiaomi MI 11 smartphone in the United States. The website that VDPP cites to as infringing evidence in Exhibit D (Dkt. 14-4 at 5-6) is not Xiaomi's website; rather it is a third party's website https://www.devicespecifications.com/en/model/9fe85543 and does not show that Xiaomi MI 11 was sold or used *in the United States* or *by Xiaomi.*

To the extent VDPP seeks leave to further amend the complaint to add allegations of sales or use of the Accused Product in the United States by others, such allegations are not plausible evidence of sale or use *by Xiaomi*. There are ample public reports explaining the business reasons why Xiaomi intentionally does not sell any smartphones in the United States. *See* Request for Judicial Notice ("RJN"), Ex. 1. Most recently, a corporate witness specifically testified in a lawsuit filed by another non-practicing entity in *Volteon LLC v. Xiaomi Communications Co., Ltd.,* Case No. 2:23-cv-00132-JRG (E.D. Tex.) that the accused Xiaomi Redmi 7A and Xiaomi MI 11 smartphones were never sold in the United States by Xiaomi or any affiliates. RJN, Ex. 2, ¶¶ 3-5, 9. Had VDPP conducted a reasonable pre-suit inquiry, it would have known that Xiaomi has consistently and publicly emphasized on numerous occasions – to the United States government, in courts, and to the telecommunication

industry – that Xiaomi has never sold and has no plans to sell any smartphones in the United States. RJN, Ex. 1.

**Second**, other than regurgitating the claim elements and summarily concluding that the Accused Products practice each of the claim elements, Exhibits B and D to the FAC in no way explain how the Accused Products satisfy each and every element of the exemplary claims. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) ("[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements.").

The Asserted Patents are from the same patent family and share the same title "Faster state transitioning for continuous adjustable 3Deeps filter spectacles using multi-layered variable tint materials," specification, and figures. The "invention relates to the field of motion pictures and to a system called 3Deeps that will allow almost any motion picture filmed in 2D (single image) to be viewed with the visual effect of 3-dimensions when viewed through 3Deeps Filter Spectacles." *See* Dkt. 14-1 and 14-3, "Field of the Invention" of the Asserted Patents. The Asserted Patents describe several hardware components, including the Continuous Adjustable 3Deeps Filter Spectacles shown in Figure 1 (left) and the hardware of the Spectacles shown schematically in Figure 3 (right):



FIG 1

FIG 3

As its exemplary infringement allegations, VDPP attempted to chart Claim 1 of the '922 Patent against a Xiaomi Redmi 7A smartphone and claim 6 of the '380 Patent against a Xiaomi MI 11 smartphone. Dkt. 14-2 and 14-4. However, the infringement charts only pointed to generic components (e.g. RAM, storage, CPU, GPU, display screen) and other well-known digital techniques (e.g. "digital

DEFENDANT XIAOMI USA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS

zoom," "digital image stabilization," and "Pulse-Width Modulation") that are commonly found in all smartphones without explaining how they practice the claimed invention relating to 2D/3D image as disclosed in the Asserted Patents.

For example, the apparatus of Claim 1 of the '922 Patent requires "a storage adapted to: store one or more image frames" (Dkt. 14-2 at 4) and Claim 6 of the '380 Patent requires a "a storage adapted to: store a sequence of image frames" (Dkt. 14-4 at 4), but VDPP merely assumes that the Accused Products necessarily satisfy these claim elements by highlighting a "RAM" and "Storage" contained in the accused smartphones.  VDPP's entire contention is nothing more than naked conclusions that "Xiaomi REDMI 7A Smartphone has a storage to store a sequence of Image frames." (Dkt. 14-2 at 4) and "Xiaomi MI 11 Smartphone has a storage to store a sequence of Image frame."  (Dkt. 14-4 at 4):

| 1.1 | a storage adapted to: store one or more image frames; | *Xiaomi REDMI 7A  Smartphone has a storage to store a sequence of Image frames.*<br><br>**SoC**: Qualcomm Snapdragon 439<br>**CPU**: 4x 1.95 GHz ARM Cortex-A53, 4x 1.45 GHz ARM Cortex-A53, **Cores**: 8<br>**GPU**: Qualcomm Adreno 505<br>**RAM**: 2 GB, 3 GB<br>**Storage**: 16 GB, 32 GB<br><https://www.devicespecifications.com/en/model/b52750d1> © 2023 |
|---|---|---|
| 6.1 | a storage adapted to: store a sequence of image frames; and | *Xiaomi MI 11 Smartphone has a storage to store a sequence of Image frames.*<br><br>**SoC**: Qualcomm Snapdragon 888<br>**CPU**: 1x 2.84 GHz Cortex-A78, 3x 2.42 GHz Cortex-A78, 4x 1.8GHz Cortex-A55<br>**GPU**: Qualcomm Adreno 660, 840 MHz<br>**RAM**: 8 GB, 12 GB, 3200 MHz<br>**Storage**: 128 GB, 256 GB<br><https://www.devicespecifications.com/en/model/9fe85543> © 2023 |

*Id.* (highlight original).  There is zero factual basis to support either contention, and zero explanation for how the RAM or Storage necessarily is "adapted to: store one or more frames" or "a sequence of image frames" as required by the claims.  Without any such factual support, VDPP's infringement allegations are nothing more than speculation.  *Twombly,* 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.").

As another example, Claim 1 of the '922 Patent requires "a processor adapted to: (a) obtain a first image frame and a second image frame from a first video stream; (b) generate a first modified image frame by expanding the first image frame, wherein the first modified image frame is different from the first image frame; (c) generate a second modified image frame by expanding the second image

DEFENDANT XIAOMI USA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS

frame, wherein the second modified image frame is different from the second image frame; (d) generate a bridge frame, wherein the bridge frame is a solid color, wherein the bridge frame is different from the first image frame and different from the second image frame." Yet, VDPP's infringement chart makes no attempt to identify "a first image frame" "a second image frame," "a first modified image frame," a "second modified image frame." Dkt. 14-2 at 5-6. VDPP simply cuts-and-pastes the words "Digital zoom", a feature of the Redmi 7A smartphone as listed from a third-party website, parrots the claim language, and concludes that these claim elements must be met:

| 1.3 | generate a first modified image frame by expanding the first image frame, wherein the first modified image frame is different from the first image frame; | *Xiaomi REDMI 7A Smartphone generates a first modified image frame by expanding the first image frame to the resolution of the Zoom.*<br><br>▶ Digital zoom<br><https://www.devicespecifications.com/en/model/b52750d1> © 2023<br><br>*Because the first modified image frame is an expanded version of the first image frame, they are different sizes. Hence they are different.*<br><br>*[Note: Digital zoom is - enlarging (expanding or zooming) the image electronically by cropping and enlarging the image.]* |
|-----|-----|-----|
| 1.4 | generate a second modified image frame by expanding the second image frame, wherein the second modified image frame is different from the second image frame; | *Xiaomi REDMI 7A Smartphone generates a second modified image frame by expanding the second image frame to the resolution of the Zoom.*<br><br>▶ Digital zoom<br><https://www.devicespecifications.com/en/model/b52750d1> © 2023<br><br>*Because the second modified image frame frame is an expanded version of the second image frame, they are different sizes. Hence they are different.*<br><br>*[Note: Digital zoom is - enlarging (expanding or zooming) the image electronically by cropping and enlarging the image.]* |

Dkt. 14-2 at 5 (highlight original). VDPP provides no factual support or explanation as to their naked conclusions, how the "Digital zoom" feature of a Xiaomi Redmi 7A results in "generate a first image frame by expanding the first image frame, wherein the first modified image frame is different from the first image frame; generate a second modified image frame by expanding the second image frame, wherein the second modified image frame is different from the second image frame;." *Id.* Without any such factual support, VDPP's allegations are nothing more than speculation. *Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."). For the same reasons, VDPP equally fails to identify the "processor" in a Xiaomi MI 11 that infringes the '380 Patent. Dkt. 14-4 at 5. Again,

DEFENDANT XIAOMI USA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS

1   VDPP simply cuts-and-pastes the words "Digital zoom" from a third-party's website without any factual

2   support or explanation as to their naked conclusions.  *Id.*

3          As a further example, VDPP points to a "Digital Image Stabilization" feature of the accused

4   Xiaomi MI 11 smartphone as practicing Claim 6 of the '380 Patent, again with no explanation.  Claim 6

5   recites "combining the modified first image frame and the modified second image frame to generate a

6   modified combined image frame, the modified combined image frame having first and second opposing

7   sides defining a first dimension and third and fourth opposing sides defining a second dimension; and

8   displaying the modified combined image frame."  The evidence relied by VDPP in Exhibit D, again

9   from a third party's website, says nothing about these limitations and is not even specific to a Xiaomi

10  MI 11 smartphone.  *See* Dkt. 14-4 at 5-6.  VDPP appears to take the position that any product with

11  "digital image stabilization" as a feature meets Claim 6, which is clearly untenable because "digital

12  image stabilization" is a digital technique commonly in all smartphones and not invented or claimed by

13  the Asserted Patents.

14         Overall, VDPP's infringement charts in Exhibits B and D only refer to generic components and

15  features of the Accused Products relying on information from third parties' websites rather than

16  Xiaomi's.  Such conclusory and mere recitation of claim elements are insufficient to meet the

17  *Iqbal/Twombly* pleading standard.  Because VDPP fails to plead sufficient facts that allow the court to

18  draw the reasonable inference that Xiaomi is liable for infringement of the Asserted Patents, its claim for

19  direct infringement should be dismissed.  *See Iqbal*, 556 U.S. at 678; *Golden v. Intel Corp.*, No. 2023-

20  1257, 2023 WL 3262948, at *2 (Fed. Cir. May 5, 2023) ("The conclusory allegations in this case are

21  insufficient to identify what products infringe and how those products infringe [the asserted] patents

22  and, accordingly, fail to 'place [Defendant] on notice of what activity is being accused of

23  infringement.'"); *see also*, *VDPP v. Ford*, 2024 U.S. Dist. LEXIS 79680 (granting Ford's motion to

24  dismiss VDPP's claims of direct infringement because allegations regarding Ford's infringement were

25  insufficient); *VDPP, LLC v. Gen. Motors Co.*, No.1:23-cv-00956, 2024 U.S. Dist. LEXIS 128827,

26  Report and Recommendations re Motion to Dismiss, Dkt. 35 (W.D. Tex. Jul. 22, 2024) (granting motion

27  to dismiss because VDPP failed to make a sufficient showing that the accused product meets each

28  element of the asserted claim).

**C.    VDPP's Claims for Willful Infringement Should Be Dismissed Because It Failed to Plead Any Factual Basis for Finding Willfulness.**

In the FAC, VDPP dropped its indirect and willful infringement claims but still kept a conclusory demand in its Prayer for Relief for the Court to "declare Defendant's infringement to be willful and treble the damages," without providing any factual allegations regarding willfulness.  Dkt. 14 at 8. Because the FAC fails to plead willfulness or any facts supporting willfulness, any claim by VDPP of willful infringement or related demand for enhanced damages should be dismissed. *See, e.g., Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *2 (E.D. Tex. Oct. 19, 2016) (dismissing plaintiff's claim for willful infringement where willfulness allegations in its complaint were limited to a single statement in the prayer); *Sonos, Inc. v. Google LLC*, No. C 21-07559 WHA, 2022 WL 799367, at *1 (N.D. Cal. Mar. 16, 2022), *leave to appeal denied*, No. 2022-134, 2022 WL 1486359 (Fed. Cir. May 11, 2022) (granting motion to dismiss based on plaintiff's failure to plead facts supporting willful infringement). To the extent there is a willful infringement claim, it should fail because VDPP fails to plausibly allege direct infringement and because VDPP fails to allege that Xiaomi had pre-expiration knowledge of the Asserted Patents. *See, e.g., Volkswagen*, 2024 WL 1313899, at *6 (dismissing VDPP's claim of willful infringement); *VDPP v. Gen. Motors*, 2024 U.S. Dist. LEXIS 128827 (same).

**D.    The Case Should be Dismissed with Prejudice Because Further Amendment Would Be Futile.**

Although Federal Rule of Civil Procedure 15(a) requires a court to grant leave to amend "when justice so requires," it is within the district court's discretion to deny if "such amendments were futile because they would not change the outcome of the case." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).  Here, dismissal with prejudice is warranted because the legal deficiencies discussed above  are incurable.

*First*, VDPP is unable to cure the lack of marking and notice pleading deficiency.  VDPP cannot sufficiently plead any actual or constructive notice of alleged infringement, either by itself or its licensees, because there is none.  Indeed, as shown in the record of its litigation with Volkswagen and relied on by the judge in finding the case exceptional, VDPP produced eleven settlement agreements,

DEFENDANT XIAOMI USA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
ACTIVE 701150341v1

1  none of which required the licensees to mark their products. *See Volkswagen*, 2024 WL 3378456, at

2  *5-6 ("VDPP could not plead marking compliance with § 287(a), and it did not. VDPP also attempted to

3  respond to Volkswagen's arguments by contending that VDPP's licensees did not admit to making an

4  infringing product. That is both irrelevant and inconsistent with VDPP's allegations that these licensees

5  had settled VDPP's accusations of infringement.").

6       **Second**, with respect to its direct infringement claim, VDPP cannot show that any infringing

7  activities occurred **within the United States** or were **by Xiaomi** in light of the indisputable fact the

8  Accused Products were never sold or used in the United States by Xiaomi.

9       For all these reasons, this case should be dismissed with prejudice because amendment would be

10  futile and not change the outcome of this case. *See, e.g.*, *Volkswagen*, 2024 WL 1313899, at *6 (finding

11  that amended complaint from VDPP would be futile and dismissing case with prejudice).

12  **VI.    CONCLUSION**

13       For the reasons discussed above, this case should be dismissed with prejudice.

14

15  DATED:  August 20, 2024              GREENBERG TRAURIG, LLP

16

17                               By /s/ *Jie Li*

18                                  Jie (Lisa) Li
                                Attorneys for Defendant

19                                  Xiaomi USA LLC

20

21

22

23

24

25

26

27

28

DEFENDANT XIAOMI USA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS
ACTIVE 701150341v1